UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID HARRISON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   21-161** |
| **ALEJANDRO MAYORKAS, SECRETARY, THE UNITED STATED DEPARTMENT OF HOMELAND SECURITY** | **SECTION: "KWR"** |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (R. Doc. 7)** filed by the Defendant, Alexander Mayorkas, Secretary of the Department of Homeland Security, seeking an order dismissing Plaintiff David Harrison's complaint pursuant to Federal Rule of Civil Procedure 56(c). Harrison is proceeding *pro se*. No opposition to this motion was filed. The motion was heard on brief.

This matter was referred to the undersigned United States Magistrate Judge in accordance with Title 28 U.S.C. § 636(c) upon consent of the parties. R. Doc. 12.

### I.   Background

On January 19, 2021, *pro se* Plaintiff, David Harrison ("Harrison"), filed a complaint alleging various claims of discrimination stemming from his employment with the Department of Homeland Security, Transposition Security Administration Agency at the Louis Armstrong New Orleans International Airport ("TSA-MSY"). R. Doc. 1. Harrison, an African American male, alleged unlawful race and sex-based employment discrimination, retaliation, harassment, and a hostile work environment in violation of Title VII of the Civil Rights Act ("Title VII"), retaliation under the Family Medical Leave Act ("FMLA"), and discrimination in violation of 42 U.S.C. §1983. *Id.*

On June 28, 2021, the Defendant filed a Motion to Dismiss for Failure to State a Claim. R. Doc. 7. Upon consideration of the motion, the Court dismissed Plaintiff's FMLA and 1983 for lack of jurisdiction pursuant to Rule 12(b)(1). R. Doc. 14. Plaintiff's hostile work environment and retaliatory harassment claims were dismissed for failure to state a claim pursuant to Rule 12(b)(6). *Id.* Remaining are Plaintiff's race discrimination, sex discrimination, and retaliation claims pursuant to Title VII. *Id.*

## II.   Standard of Review

Federal Rule of Civil Procedure ("Rule") 56(a) provides that summary judgment is appropriate where "the movant shows that there is **no genuine dispute** as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphasis added). A fact is "material" if resolving that fact in favor of one party could affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Poole v. City of Shreveport*, 691 F.3d 624, 626-27 (5th Cir. 2012).

Where the moving party bears the burden of proof at trial as the plaintiff, or as a defendant asserting an affirmative defense, that party must support its motion with "credible evidence . . . that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 331 (1986). In such a case, the moving party must "establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); *see also Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.,* 662 F.3d 376, 378 (5th Cir. 2011). Credible evidence may include depositions, documents, affidavits, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c). Moreover, in evaluating a motion for summary judgment by the party with the underlying burden of proof, the Court considers the substantive evidentiary

burden of proof that would apply at the trial on the merits. *Anderson,* 477 U.S. at 252. The moving party's burden is therefore "understandably heavier" where that party is the plaintiff. *S. Snow Mfg. Co. v. Snow Wizard Holdings, Inc.,* 829 F. Supp. 2d 437, 447 (E.D. La. 2011).

Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake,* 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex,* 477 U.S. at 322–24). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson,* 477 U.S. at 255. However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for Summary Judgment." *Brown v. City of Houston, Tex.,* 337 F.3d 539, 541 (5th Cir. 2003) (internal citations omitted); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996) (stating that "mere conclusory allegations" are insufficient to defeat a motion for summary judgment). Although the Court may not evaluate evidence on a motion for summary judgment, the Court may make a determination as to the "caliber or quantity" of evidence as part of its determination of whether sufficient evidence exists for the fact-finder to find for the non-moving party. *Anderson,* 477 U.S. at 254.

**III.    Analysis**

Defendant contends that Plaintiff's claims must be dismissed as Plaintiff filed his complaint more than 90 days after receiving notice of final action taken by his agency-employer. Defendant contends the Final Agency Decision ("FAD") was served upon Plaintiff and his counsel via email on October 19, 2020. The 90-day time limit required Plaintiff to file his civil action by January 17, 2021, however Plaintiff did not file until January 19, 2021, after the statutory time limit expired. As such Defendant contends that Plaintiff's claims are time barred and must be dismissed as untimely as a matter of law.

Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket,* 96 F.3d 787, 788–89 (5th Cir.1996). Title VII provides that claimants have ninety days to file a civil action after *receipt* of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.,* 674 F.2d 379, 381 (5th Cir.1982) (citing 42 U.S.C. § 2000e–5(f)(1) (1994)). This requirement to file a lawsuit within the ninety-day limitation period is strictly construed. *See Ringgold v. National Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir.1986); *Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247, 1251 (5th Cir.1985).

Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *See, e.g., Butler v. Orleans Parish School Board,* No. Civ. A. 00–0845, 2001 WL 1135616 (E.D.La. Sept.25, 2001) (dismissing Title VII claims where *pro se* plaintiff filed her complaint one day beyond the ninety-day period because she and her husband were prevented from filing on the 90th day, as planned, by family illnesses). Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao,* 96 F.3d at 789; *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).

"[T]he ninety-day limitation period is strictly construed" and "begins to run on the date that the EEOC right-to-sue letter is received." *Id.* (emphasis omitted). The Seventh Circuit has held that the claimant receipt via email of his right to sure, not when the read the email, triggered the commencement of the ninety (90) day period.

In this matter, Plaintiff and his counsel at the time were emailed the FAD on October 19, 2020. R. Doc. 15-4, p. 20-21.  The FAD sent to Plaintiff includes a notice that suit must be filed

4

in ninety- days. R. Doc. 15-4, p. 1-18.  Additionally, the certificate of service that accompanied the FAD state that, "for timeliness purposes, it shall be presumed that the parties received the foregoing on the date indicated below if sent via email." R Doc 15-4, p. 18. The date listed on the certificate of service is October 19, 2020. Defendants also provided the Court with emails sent to Plaintiff and his counsel dated October 19, 2020, as well as emails confirming delivery. R. Doc. 15-4, p. 25-28. *Id.*

Applying the ninety-day time limit, to the date of receipt, October 19, 2020, Plaintiff was required to file his complaint January 17, 2021, or January 18, 2021, given that January 17, 2021 was a Sunday. Plaintiff did not file his complaint until January 19, 2021, one day after the statutory time period. The ninety-day limitation is strictly construed, and this Court has previously dismissed the claims of a *pro se* Plaintiff for filing for her complaint one day after the ninety-day period. *See Butler v. Orleans Parish School Board,* No. Civ. A. 00–0845, 2001 WL 1135616 (E.D.La. Sept.25, 2001). Because Plaintiff filed his claim after the ninety-day period, this Court concludes that the claims are untimely.

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Defendant's **Motion for Summary Judgment (R. Doc. 15)** is **GRANTED**

New Orleans, Louisiana, this 21st day of June 2022.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**